# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re: QUIGLEY, JAMES MICHAEL § Case No. 13-26299
QUIGLEY, CHARISSE KIMBERLY §
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on June 27, 2013. The undersigned trustee was appointed on June 27, 2013.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of          $          110,000.00

| | |
|---|---:|
| Funds were disbursed in the following amounts: | |
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 101.45 |
| Bank service fees | 1,263.76 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]    $ | 108,634.79 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 12/31/2013 and the deadline for filing governmental claims was 12/24/2013. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $8,750.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $8,750.00, for a total compensation of $8,750.00.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $101.45 and now requests reimbursement for expenses of $0.00, for total expenses of $101.45.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 11/05/2014      By: /s/JOHN E. GIERUM
                          Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

| Case Number: | 13-26299 | Trustee: | (520171) JOHN E. GIERUM |
|---|---|---|---|
| Case Name: | QUIGLEY, JAMES MICHAEL | Filed (f) or Converted (c): | 06/27/13 (f) |
|  | QUIGLEY, CHARISSE KIMBERLY | §341(a) Meeting Date: | 08/16/13 |
| Period Ending: | 11/05/14 | Claims Bar Date: | 12/31/13 |

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | 2 BR Condo Rental, Y-(Title held in Q4838 LLC)<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 1 | 58,483.00 | 0.00 | | 0.00 | FA |
| 2 | Primary Residence-single Family,14482 Twin Oaks<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 1 | 432,489.00 | 0.00 | | 0.00 | FA |
| 3 | RLP house and 431 Mich Ave building,<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 1 | 141,816.00 | 0.00 | | 0.00 | FA |
| 4 | Multi Family apartments,title held Q5341 LLC<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 1 | 350,000.00 | 0.00 | | 0.00 | FA |
| 5 | 5538, 5546 S. Lowe, (1/2 interest thru QS Lowe<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 1 | 110,000.00 | 0.00 | | 0.00 | FA |
| 6 | Cash on hand<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 1 | 200.00 | 200.00 | | 0.00 | FA |
| 7 | Income Tax Servicing Account - 5th 3rd Bank<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 1 | 182.72 | 182.72 | | 0.00 | FA |
| 8 | -*Money Market Account Capital<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 1 | 493.00 | 493.00 | | 0.00 | FA |
| 9 | Bank & Trust Joint Checking W Indeterminate vari<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 1 | 1,221.00 | 1,221.00 | | 0.00 | FA |
| 10 | Market Account Colorado Capital<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 1 | 900.00 | 900.00 | | 0.00 | FA |
| 11 | Account with 5th 3rd Bank<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 1 | 236.49 | 236.49 | | 0.00 | FA |
| 12 | Household Furniture And Furnishings & Personal<br>Orig. Asset Memo: Imported from original petition | 3,000.00 | 3,000.00 | | 0.00 | FA |

## Form 1
## Individual Estate Property Record and Report
## Asset Cases

Case Number: 13-26299
Case Name: QUIGLEY, JAMES MICHAEL
QUIGLEY, CHARISSE KIMBERLY
Period Ending: 11/05/14

Trustee: (520171)  JOHN E. GIERUM
Filed (f) or Converted (c): 06/27/13 (f)
§341(a) Meeting Date: 08/16/13
Claims Bar Date: 12/31/13

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| | Doc# 1; Imported from Amended Doc#: 1 | | | | | |
| 13 | Business Attire (suits, Ties, Mimimal Casualware<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 1 | 1,500.00 | 1,500.00 | | 0.00 | FA |
| 14 | Watches, Cufflinks And Gold Chain Home<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 1 | 1,500.00 | 1,500.00 | | 0.00 | FA |
| 15 | Lady's wedding rings, watch, earings home<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 1 | 8,000.00 | 4,000.00 | | 0.00 | FA |
| 16 | Lady's clothing<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 1 | 2,000.00 | 0.00 | | 0.00 | FA |
| 17 | Inexpensive Golf Clubs<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 1 | 50.00 | 50.00 | | 0.00 | FA |
| 18 | basketball, baseball and soccer equipment,<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 1 | 150.00 | 150.00 | | 0.00 | FA |
| 19 | -79Music and CDs<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 1 | 100.00 | 100.00 | | 0.00 | FA |
| 20 | ware, ICameras<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 1 | 1,200.00 | 1,200.00 | | 0.00 | FA |
| 21 | Term Life Insurance Policy ($500,000 death benef<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 1 | 0.00 | 0.00 | | 0.00 | FA |
| 22 | Profit Sharing with Present Law Practice<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 1 | 175,000.00 | 0.00 | | 0.00 | FA |
| 23 | Keogh from former Law Practice<br>Orig. Asset Memo: Imported from original petition<br>Doc# 1; Imported from Amended Doc#: 1 | 305,000.00 | 0.00 | | 0.00 | FA |

Exhibit A

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 3

Case Number: 13-26299
Case Name: QUIGLEY, JAMES MICHAEL
QUIGLEY, CHARISSE KIMBERLY
Period Ending: 11/05/14

Trustee: (520171) JOHN E. GIERUM
Filed (f) or Converted (c): 06/27/13 (f)
§341(a) Meeting Date: 08/16/13
Claims Bar Date: 12/31/13

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 24 | IRA<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 1 | 35,000.00 | 0.00 | | 0.00 | FA |
| 25 | Real Estate Contracting (Famiglia Contracting &<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 1 | 0.00 | 0.00 | | 0.00 | FA |
| 26 | Famiglia Contracting and Development Inc Stock (<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 1 | 0.00 | 0.00 | | 0.00 | FA |
| 27 | XChanQ 5431 LLC (Single Member LLC) 5431 S. Mich<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 1 | 0.00 | 0.00 | | 0.00 | FA |
| 28 | Lowe LLC (50 % membership interest in LLC) S. Lo<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 1 | 0.00 | 0.00 | | 0.00 | FA |
| 29 | NewQ4838 LLC (Single Member LLC)<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 1 | 0.00 | 0.00 | | 0.00 | FA |
| 30 | Beerman Swerdlove LLP capital account<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 1 | 133,000.00 | 133,000.00 | | 110,000.00 | FA |
| 31 | Term Life Insurance ($500,000 death benefit) or<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 1 | 0.00 | 0.00 | | 0.00 | FA |
| 32 | Possible income tax refund or liability<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 1 | Unknown | 0.00 | | 0.00 | FA |
| 33 | License to Practice Law in Illinois Give particu<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 1 | Unknown | 0.00 | | 0.00 | FA |
| 34 | to practice medicine (not board certified) K. Qu<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 1 | Unknown | 0.00 | | 0.00 | FA |
| 35 | license (lapsed) | Unknown | 0.00 | | 0.00 | FA |

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 4

Case Number: 13-26299
Case Name: QUIGLEY, JAMES MICHAEL
QUIGLEY, CHARISSE KIMBERLY
Period Ending: 11/05/14

Trustee: (520171) JOHN E. GIERUM
Filed (f) or Converted (c): 06/27/13 (f)
§341(a) Meeting Date: 08/16/13
Claims Bar Date: 12/31/13

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| | Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 1 | | | | | |
| 36 | 2008 Chevrolet Suburban and accessories.<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 1 | 15,000.00 | 11,000.00 | | 0.00 | FA |
| 37 | y202007 Mercedes SUV<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 1 | 15,400.00 | 0.00 | | 0.00 | FA |
| 38 | upt1988 Chevrolet Corvette<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 1 | 8,000.00 | 4,000.00 | | 0.00 | FA |
| 39 | 2012 Prius V<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 1 | 20,000.00 | 0.00 | | 0.00 | FA |
| 40 | Office Furnishings Chicago Law Office<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 1 | 1,500.00 | 0.00 | | 0.00 | FA |
| 41 | Home office equipment, computers Home<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 1 | 1,000.00 | 1,000.00 | | 0.00 | FA |
| 42 | Normal home maintenance equipment<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 1 | 100.00 | 100.00 | | 0.00 | FA |
| 43 | Family dog<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 1 | Unknown | 0.00 | | 0.00 | FA |
| 44 | Health Savings Account<br>Orig. Asset Memo: Imported from original petition Doc# 1; Imported from Amended Doc#: 1 | 12,365.00 | 0.00 | | 0.00 | FA |
| 44 | Assets  Totals (Excluding unknown values) | $1,834,886.21 | $163,833.21 | | $110,000.00 | $0.00 |

**Major Activities Affecting Case Closing:**

sold capital account in lawfirm, retaining accountant and evaluating last vehicle value.

Exhibit A

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

Page: 5

Case Number: 13-26299
Case Name: QUIGLEY, JAMES MICHAEL
QUIGLEY, CHARISSE KIMBERLY
Period Ending: 11/05/14

Trustee: (520171) JOHN E. GIERUM
Filed (f) or Converted (c): 06/27/13 (f)
§341(a) Meeting Date: 08/16/13
Claims Bar Date: 12/31/13

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled And Unscheduled (u) Property) Ref. # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Initial Projected Date Of Final Report (TFR): June 30, 2014        Current Projected Date Of Final Report (TFR): June 30, 2015

Exhibit B

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

Case Number: 13-26299
Case Name: QUIGLEY, JAMES MICHAEL
QUIGLEY, CHARISSE KIMBERLY
Taxpayer ID #: **-***1870
Period Ending: 11/05/14

Trustee: JOHN E. GIERUM (520171)
Bank Name: Rabobank, N.A.
Account: ******9566 - Checking Account
Blanket Bond: $5,000,000.00 (per case limit)
Separate Bond: N/A

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 12/17/13 | {30} | Beermann Pritikin Mirabelli Swerdlove LLP | Debtor's Capital Account | 1129-000 | 110,000.00 | | 110,000.00 |
| 12/17/13 | {30} | Beermann Pritikin Mirabelli Swerdlove LLP | Reversed Deposit 100001 1 Debtor's Capital Account | 1129-000 | -110,000.00 | | 0.00 |
| 12/30/13 | {30} | Beermann Pritikin Mirabelli Swerdlove LLP | Debtor's capital account | 1129-000 | 110,000.00 | | 110,000.00 |
| 01/31/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 163.49 | 109,836.51 |
| 02/28/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 147.45 | 109,689.06 |
| 03/04/14 | 101 | JOHN E. GIERUM | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 02/01/2014 FOR CASE #13-26299, Reimbursement for Ch. 7 Blanket Bond on ledger balance as of 02/01/14 | 2200-000 | | 101.45 | 109,587.61 |
| 03/31/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 152.40 | 109,435.21 |
| 04/30/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 167.91 | 109,267.30 |
| 05/30/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 157.16 | 109,110.14 |
| 06/30/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 151.70 | 108,958.44 |
| 07/31/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 172.40 | 108,786.04 |
| 08/29/14 | | Rabobank, N.A. | Bank and Technology Services Fee | 2600-000 | | 151.25 | 108,634.79 |

|  | ACCOUNT TOTALS | 110,000.00 | 1,365.21 | $108,634.79 |
|---|---|---|---|---|
|  | Less: Bank Transfers | 0.00 | 0.00 | |
|  | Subtotal | 110,000.00 | 1,365.21 | |
|  | Less: Payments to Debtors | | 0.00 | |
|  | NET Receipts / Disbursements | $110,000.00 | $1,365.21 | |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| Checking # ******9566 | 110,000.00 | 1,365.21 | 108,634.79 |
| | $110,000.00 | $1,365.21 | $108,634.79 |

{} Asset reference(s)

Printed: 11/05/2014 04:57 PM   V.13.15

# Claims Proposed Distribution

### Case: 13-26299   QUIGLEY, JAMES MICHAEL

| Case Balance: | $108,634.79 | Total Proposed Payment: | $108,634.79 | Remaining Balance: | $0.00 |

| Claim # | Claimant Name | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
|---|---|---|---|---|---|---|---|---|
| 3S | BMO Harris Bank, N.A. | Secured | 115,802.85 | 115,802.85 | 0.00 | 115,802.85 | 0.00 | 108,634.79 |
| | JOHN E. GIERUM | Admin Ch. 7 | 8,750.00 | 8,750.00 | 0.00 | 8,750.00 | 8,750.00 | 99,884.79 |
| | <2100-00   Trustee Compensation> | | | | | | | |
| | Lois West, Popowcer Katten, Ltd. | Admin Ch. 7 | 955.50 | 955.50 | 0.00 | 955.50 | 955.50 | 98,929.29 |
| | <3410-00   Accountant for Trustee Fees (Other Firm)> | | | | | | | |
| | JOHN E. GIERUM | Admin Ch. 7 | 101.45 | 101.45 | 101.45 | 0.00 | 0.00 | 98,929.29 |
| | <2200-00   Trustee Expenses> | | | | | | | |
| 1 | Internal Revenue Service | Priority | 18,253.92 | 18,253.92 | 0.00 | 18,253.92 | 18,253.92 | 80,675.37 |
| 2 | The Private Bank & Trust Company | Unsecured | 243,534.38 | 243,534.38 | 0.00 | 243,534.38 | 20,632.76 | 60,042.61 |
| 3U | BMO Harris Bank, N.A. | Unsecured | 708,700.36 | 708,700.36 | 0.00 | 708,700.36 | 60,042.61 | 0.00 |
| | Total for Case 13-26299 : | | $1,096,098.46 | $1,096,098.46 | $101.45 | $1,095,997.01 | $108,634.79 | |

## CASE SUMMARY

| | Amount Filed | Amount Allowed | Paid to Date | Proposed Payment | % paid |
|---|---|---|---|---|---|
| Total Administrative Claims : | $9,806.95 | $9,806.95 | $101.45 | $9,705.50 | 100.000000% |
| Total Priority Claims : | $18,253.92 | $18,253.92 | $0.00 | $18,253.92 | 100.000000% |
| Total Secured Claims : | $115,802.85 | $115,802.85 | $0.00 | $0.00 | 0.000000% |
| Total Unsecured Claims : | $952,234.74 | $952,234.74 | $0.00 | $80,675.37 | 8.472215% |

**TRUSTEE'S PROPOSED DISTRIBUTION**         Exhibit D

Case No.: 13-26299
Case Name: QUIGLEY, JAMES MICHAEL
Trustee Name: JOHN E. GIERUM

**Balance on hand:**            $      108,634.79

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 3S | BMO Harris Bank, N.A. | 115,802.85 | 115,802.85 | 0.00 | 0.00 |

Total to be paid to secured creditors:    $          0.00
Remaining balance:                        $    108,634.79

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - JOHN E. GIERUM | 8,750.00 | 0.00 | 8,750.00 |
| Accountant for Trustee, Fees - Lois West, Popowcer Katten, Ltd. | 955.50 | 0.00 | 955.50 |

Total to be paid for chapter 7 administration expenses:   $     9,705.50
Remaining balance:                                        $    98,929.29

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses:   $         0.00
Remaining balance:                                            $    98,929.29

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $18,253.92 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Internal Revenue Service | 18,253.92 | 0.00 | 18,253.92 |

UST Form 101-7-TFR (05/1/2011)

|  |  |
|---|---|
| Total to be paid for priority claims: | $ 18,253.92 |
| Remaining balance: | $ 80,675.37 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 952,234.74 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 8.5 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | The Private Bank & Trust Company | 243,534.38 | 0.00 | 20,632.76 |
| 3U | BMO Harris Bank, N.A. | 708,700.36 | 0.00 | 60,042.61 |

|  |  |
|---|---|
| Total to be paid for timely general unsecured claims: | $ 80,675.37 |
| Remaining balance: | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
|  | None |  |  |  |

|  |  |
|---|---|
| Total to be paid for tardy general unsecured claims: | $ 0.00 |
| Remaining balance: | $ 0.00 |

**UST Form 101-7-TFR (05/1/2011)**

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 0.00

**UST Form 101-7-TFR (05/1/2011)**