UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: QUIGLEY, JAMES MICHAEL             § Case No. 13-26299
       QUIGLEY, CHARISSE KIMBERLY         §
                                          §
Debtor(s)                                 §

## NOTICE OF TRUSTEE'S FINAL REPORT AND APPLICATIONS FOR COMPENSATION AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P.2002(a)(6) and 2002(f)(8), please take notice that JOHN E. GIERUM_____, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

Clerk of the Bankruptcy Court
Dirksen Federal Courthouse
219 S Dearborn Street, 7th Floor
Chicago, Il 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 20 days from the mailing of this notice, together with a request for a hearing and serve a copy of both upon the trustee, any party whose application is being challenged and the United States Trustee. If no objections are filed, the Court will act on the fee applications and the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

A hearing on the fee applications and any objections to the Final Report will be held at 1:30 pm on December 19, 2014 in Courtroom A, Lake County Courthouse,
North Branch Court
1792 Nicole Lane
Round Lake Beach, Il 60073.

UST Form 101-7-NFR (10/1/2010)

Date Mailed:  11/07/2014         By:  /s/JOHN E. GIERUM
                                              Trustee

JOHN E. GIERUM
SUITE 1015
9700 WEST HIGGINS ROAD
ROSEMONT, IL  60018
(847) 318-9130

UST Form 101-7-NFR (10/1/2010)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: QUIGLEY, JAMES MICHAEL § Case No. 13-26299
QUIGLEY, CHARISSE KIMBERLY §
§
Debtor(s) §

## SUMMARY OF TRUSTEE'S FINAL REPORT AND APPLICATIONS FOR COMPENSATION

| | |
|---|---|
| *The Final Report shows receipts of* | $ 110,000.00 |
| *and approved disbursements of* | $ 1,365.21 |
| *leaving a balance on hand of* [1] | $ 108,634.79 |
| **Balance on hand:** | $ 108,634.79 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 3S | BMO Harris Bank, N.A. | 115,802.85 | 115,802.85 | 0.00 | 0.00 |

| | |
|---|---|
| Total to be paid to secured creditors: | $ 0.00 |
| Remaining balance: | $ 108,634.79 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - JOHN E. GIERUM | 8,750.00 | 0.00 | 8,750.00 |
| Accountant for Trustee, Fees - Lois West, Popowcer Katten, Ltd. | 955.50 | 0.00 | 955.50 |

| | |
|---|---|
| Total to be paid for chapter 7 administration expenses: | $ 9,705.50 |
| Remaining balance: | $ 98,929.29 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-NFR (10/1/2010)**

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

|   |   |   |
|---|---|---|
| Total to be paid for prior chapter administrative expenses: | $ | 0.00 |
| Remaining balance: | $ | 98,929.29 |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $18,253.92 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Internal Revenue Service | 18,253.92 | 0.00 | 18,253.92 |

|   |   |   |
|---|---|---|
| Total to be paid for priority claims: | $ | 18,253.92 |
| Remaining balance: | $ | 80,675.37 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 952,234.74 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 8.5 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | The Private Bank & Trust Company | 243,534.38 | 0.00 | 20,632.76 |
| 3U | BMO Harris Bank, N.A. | 708,700.36 | 0.00 | 60,042.61 |

|   |   |   |
|---|---|---|
| Total to be paid for timely general unsecured claims: | $ | 80,675.37 |
| Remaining balance: | $ | 0.00 |

**UST Form 101-7-NFR (10/1/2010)**

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for tardy general unsecured claims: $ 0.00
Remaining balance: $ 0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 0.00

Prepared By: /s/JOHN E. GIERUM
Trustee

JOHN E. GIERUM
SUITE 1015
9700 WEST HIGGINS ROAD
ROSEMONT, IL 60018
(847) 318-9130

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (10/1/2010)**